```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CRAIG SMITH,                            :
                                        :     PRO SE
                    Petitioner,         :
                                        :     07 Civ. 5769 (RJH)(THK)
                                        :
        -against-                       :
                                        :     REPORT AND RECOMMENDATION
JOHN W. BURGE, Superintendent           :
                                        :
                    Respondent.         :
----------------------------------------X
```

**TO: HON. RICHARD J. HOLWELL, United States District Judge.**
**FROM: THEODORE H. KATZ, United States Magistrate Judge.**

On January 19, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. 2254 ("Petition"), in the Northern District of New York, in which he seeks relief relating to certain judgments of conviction for burglary and related charges, which were entered in New York State Supreme Court, New York County, on January 27, 1999. By Order dated January 22, 2007, the Northern District transferred the Petition to this Court for resolution. This is apparently not the first time Petitioner has sought federal habeas corpus relief relating to the January 27, 1999 judgments of conviction. On October 31, 2003, Petitioner filed his first petition pursuant to 28 U.S.C. § 2254, which also sought relief relating to the January 27, 1999 judgments of conviction and which was denied on the merits by the Honorable Robert W. Sweet on January 12, 2005. See Smith v. Burge, No. 03 Civ. 8648 (RWS), 2005 WL 78583 (S.D.N.Y. Jan. 12, 2005). Since that time, Petitioner has not sought leave to file a second petition from the Second Circuit Court of Appeals.

COPIES MAILED
TO COUNSEL OF RECORD ON 3/25/08

This action was referred to this Court for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72.1(d) of the Local Civil Rules of the Southern District of New York. For the reasons that follow, this Court finds that it is without jurisdiction to hear Petitioner's claims, and accordingly, recommends that the Petition be transferred to the Second Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631.[1]

## DISCUSSION

### I. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a stringent set of procedures that a prisoner in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254(a), must follow if he wishes to file a second or successive habeas corpus application challenging that custody." Burton v. Stewart, 127 S. Ct. 793, 793, 166 L. Ed. 2d 628 (2007) (internal quotation marks omitted). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. 2244(b)(3)(A). Thus, Petitioner cannot

---

[1] 28 U.S.C. 1631 provides, in pertinent part: "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."

2

file a "second or successive petition" without first obtaining "an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." See 28 U.S.C. 2254 (Rule 9); see also Atkinson v. Portuando, No. 00 Civ. 3573 (JBW), 2007 WL 4547555 (E.D.N.Y. Dec. 28, 2007).

B. Application

On January 24, 2008, Respondent filed a motion to transfer the Petition to the Second Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, on the grounds that this is Petitioner's second habeas petition relating to the same January 27, 1999 judgments of conviction, which he filed without first obtaining leave to do so. Despite being provided the opportunity to do so, Petitioner failed to contest these assertions.

The fact that the instant action is Petitioner's second petition for habeas relief in this Court stemming from the same convictions is self-evident from Judge Sweet's January 12, 2005 decision. See 2005 WL 78583. Accordingly, this Court recommends granting Respondent's motion to transfer this matter to the Second Circuit, pursuant to 28 U.S.C. § 1631.

**CONCLUSION**

For the reasons set forth above, this Court respectfully recommends that this action be transferred to the Second Circuit.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal

3

Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (d). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard J. Holwell, United States District Judge, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time must be directed to Judge Holwell. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: March 25, 2008
       New York, New York

Copies sent to:

Craig Smith
50 East 102nd St.
Apartment 4H
New York, NY 10029

Lisa Fleischmann, Esq.
Leilani Rodriguez, Esq.
Attorney General of the State of New York
120 Broadway
New York, New York 10271